**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 18-1509
_____

RAUL AMADOR ROMERO MATOS,
                                        Petitioner

v.

ATTORNEY GENERAL UNITED STATES OF AMERICA,
                                        Respondent

_____

On Petition for Review of an Administrative Order of Removal
of the Department of Homeland Security
Agency No. A216-545-202
_____

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
December 10, 2018

Before: SMITH, *Chief Judge*, McKEE, and FISHER, *Circuit Judges*

(Filed: December 20, 2018)
_____

OPINION*
_____

SMITH, *Chief Judge*.

    Raul Amador Romero-Matos entered the United States in 2014 pursuant to the

_____

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does
not constitute binding precedent.

Visa Waiver Program. He overstayed in violation of the terms of that Program, remaining in the country undetected until he was arrested for DUI in 2017. The Department of Homeland Security, Immigration and Customs Enforcement ("ICE") then issued a Final Administrative Removal Order mandating Matos's removal.

Matos admits he is in the United States unlawfully but nonetheless seeks to stay, contending that a subsequent arrest by local law enforcement at ICE's behest violates the Fourth and Fourteenth Amendments to the United States Constitution. Matos is subject to removal under the terms of the Visa Waiver Program. We will deny in part and dismiss in part his petition for review.

I.

Matos, a citizen of Spain and Peru, entered the United States in February 2014 using the Visa Waiver Program. This Program allows citizens of certain countries to enter the United States without a visa provided, among other conditions, that they leave within 90 days.

Matos indisputably failed to leave the United States within 90 days. Indeed, he remained undetected for over three years until he was arrested on August 6, 2017, in Northampton County, Pennsylvania, on a DUI charge. On March 2, 2018, during proceedings related to the DUI charge, local law enforcement arrested Matos on a purported warrant from ICE. The local authorities detained Matos until ICE arrived. During an interview with ICE, Matos freely admitted that he had entered the United States pursuant to the Visa Waiver Program and overstayed.

Three days after Matos's arrest, ICE issued its Notice of Intent to Issue a Final

Administrative Removal Order, charging Matos with removability for violating the terms of the Visa Waiver Program. Matos admitted the allegations and indicated that he did not want to seek asylum, withholding of removal, or deferral of removal. ICE therefore issued a Final Administrative Removal Order and ordered Matos removed to Spain. Matos promptly filed this petition for review and moved to stay his removal pending the disposition of the petition.[1] Because the Attorney General did not oppose Matos's stay request, a panel of this Court stayed his removal. We now consider the merits of the petition for review.

## II.

Our review of Matos's petition is governed in large part by the terms of the Visa Waiver Program.[2] The Visa Waiver Program allows citizens of designated countries to enter the United States without going through the formalities of obtaining a visa. *See* 8 U.S.C. § 1187(a). In return, entrants must agree to leave the country within 90 days and waive their rights to full removal proceedings. *Id.* §§ 1187(a)(1), (b). Visa Waiver Program entrants are not entitled to removal proceedings in front of an immigration judge unless they apply for asylum; otherwise, they are summarily removed after ICE makes a removal decision. *See id.* § 1187(b); 8 C.F.R. § 1208.2(c)(1)(iv).

---

[1] Matos also sought a writ of habeas corpus pursuant to 28 U.S.C. § 2241(a). Because applications for writs of habeas corpus must first be made to the appropriate district court, we transferred Matos's habeas claims to the United States District Court for the Middle District of Pennsylvania pursuant to Federal Rule of Appellate Procedure 22(a). Matos's habeas petition remains pending in the District Court. *Romero-Matos v. Sessions*, No. 3:18CV612, ECF No. 1 (M.D. Pa. Mar. 13, 2018).

[2] We exercise jurisdiction pursuant to 8 U.S.C. § 1252(a)(1).

3

Here, Matos indisputably entered the United States pursuant to the Visa Waiver Program but failed to leave the country within the mandated 90-day period. ICE decided that Matos should be removed and entered a Final Administrative Removal Order. Matos admits that he does not seek asylum and thus has waived his right to contest the Order. Unless Matos presents a persuasive argument to the contrary, we are bound to deny his petition for review.

## III.

Matos raises several claims of error, none of which obviate our conclusion that he waived his right to challenge removal. Matos contends that (1) he never waived his Fourth and Fourteenth Amendment rights when he entered the country pursuant to the Visa Waiver Program; (2) the Final Administrative Removal Order should be excluded because it stems from an unlawful arrest; (3) the local authorities lacked the power to execute an arrest warrant issued by a federal official; and (4) our refusal to apply the exclusionary rule would violate 42 U.S.C. § 1981.

Matos first argues that local law enforcement violated his Fourth and Fourteenth Amendment rights to be free from unreasonable seizures by arresting him pursuant to the purported ICE warrant. Matos protests that he never waived this right when he entered the country using the Visa Waiver Program. Even assuming that Matos, as an alien, has the right to be free from unreasonable seizures, the lawfulness of his arrest is legally irrelevant. Matos does not seek to exclude any fruit of the allegedly unconstitutional arrest; rather, he wants to remain in the United States despite his admission that he violated the terms of his entry. In short, he would still be subject to removal even if his

4

arrest was unconstitutional. *See* 8 U.S.C. § 1187(b)(2) (waiving, as a condition of entry under the Visa Waiver Program, the right to contest "any action for removal of the alien" except on the basis of asylum).

Matos next seeks to exclude all "evidence" gathered from his allegedly unlawful arrest. But Matos's identity and the information in his immigration file is not subject to the exclusionary rule — even if the underlying arrest is unlawful. *See United States v. Bowley*, 435 F.3d 426, 430 (3d Cir. 2006). Moreover, ICE had learned all it needed to know about Matos prior to his allegedly unlawful arrest. Admin. R. 8 (stating that, prior to the arrest, ICE had "spoken with [local authorities] before about [Matos] and had made arrangements to pick him up when he appeared"). Thus, the information ICE needed to lawfully remove Matos — his name, his nationality, and the circumstances of his entry into the United States — either was already in ICE's possession or is not excludable.

Matos's remaining arguments only warrant passing mention. Matos contends that local law enforcement lacked the authority to detain him under "federal preemption" because the federal government occupies the entire field of immigration enforcement. Pet'r's Br. 19. We fail to see how this proposition — even if true — prevents Matos's removal.

Matos also argues that his arrest violated his rights under 42 U.S.C. § 1981. Because our jurisdiction under the Immigration and Nationality Act is limited to review of final administrative removal orders, Matos must raise this claim in the appropriate district court. *See* 8 U.S.C. § 1252(a)(1), (a)(5). We will therefore dismiss this part of his petition.

IV.

For the reasons set forth above, we will deny in part and dismiss in part Matos's petition for review.